# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 4:18-cr-00023-KOB-SGC |
| | ) |
| SANTOS HERNANDEZ-MENENDEZ, | ) |
| Defendant | ) |

## PLEA AGREEMENT

The Government and Defendant **SANTOS HERNANDEZ-MENENDEZ** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNTS ONE, THREE, and FOUR** of the Indictment filed in the above-numbered and -captioned matter, (ii) pay restitution to the Department of Homeland Security in the amount of $2,588.00; and (iii) waive certain of his rights to direct appeal and collateral attack as outlined in paragraph **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to (i) move to dismiss **COUNTS TWO and FIVE** at the time of

Defendant's Initials S H

sentencing, and (ii) recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for each count of Assaulting a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1), as charged in **COUNT ONE** is:

    a. Imprisonment for not more than 8 years;

    b. A fine of not more than $250,000; or,

    c. Both (a) and (b);

    d. Supervised release of not more than 3 years; and

    e. A Special Assessment Fee of $100 per count.

The defendant further understands that the maximum statutory punishment that may be imposed for each count of Injury to Government Property, in violation of Title 18, United States Code, Section 1361, as charged in **COUNT THREE** is:

    a. Imprisonment for not more than 10 years;

    b. A fine of not more than $250,000; or,

    c. Both (a) and (b);

Defendant's Initials *JSH*

d. ✓ Supervised release of not more than 3 years; and ✓

e. ✓ A Special Assessment Fee of $100 per count.

$300.⁰⁰
to be
p'd.

The defendant further understands that the maximum statutory punishment that may be imposed for each count of Failure to Depart, in violation of Title 8, United States Code, Section 1253(a)(1)(C), as charged in **COUNT FOUR** is:

a. ✓ Imprisonment for not more than 4 years;

b. ✓ A fine of not more than $250,000; or, ✓

c. ✓ Both (a) and (b);

d. ✓ Supervised release of not more than 1 year; and ✓

e. ✓ A Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On or about August 18, 2016, Defendant **SANTOS HERNANDEZ-MENENDEZ** was apprehended by the United States Border Patrol in Santa Teresa, New Mexico, after illegally crossing the United States/Mexico border. **HERNANDEZ-MENENDEZ** was released from custody under the Department of Homeland Security's (DHS) Alternatives to Detention (ATD) program because he

Defendant's Initials SH

claimed to be the only adult travelling with his minor child. As a part of his release, **HERNANDEZ-MENENDEZ** was outfitted with a global positioning system (GPS) location-monitoring device owned by DHS. That device took the form of an ankle monitor (valued at approximately $2,399.00), and **HERNANDEZ-MENENDEZ** also was supplied with batteries and a charging equipment (valued at an approximate total of $189.00).

At the time of his release under the ATD program, **HERNANDEZ-MENENDEZ** agreed to report as required to the Bureau of Immigration and Customs Enforcement (ICE) in Alabama. However, **HERNANDEZ-MENENDEZ** missed required appointments with ICE in Alabama on May 23, 2017, July 18, 2017, and on August 13, 2017.

On August 13, 2017, the GPS unit affixed to **HERNANDEZ-MENENDEZ** generated a strap tamper alert, and **HERNANDEZ-MENENDEZ** was contacted. Personnel asked **HERNANDEZ-MENENDEZ** to report to ICE on August 14, 2017, which he agreed to do. However, **HERNANDEZ-MENENDEZ** did not report to ICE. Instead, he forcibly removed the GPS ankle monitor from his person and, on August 15, 2017, he caused it to be abandoned at a commercial location in Owens Cross Road, Alabama. The last GPS points transmitted from the device at

approximately 7:45 a.m. that day. Thereafter, the GPS unit stopped transmitting, and authorities have not recovered it.

Employees of ICE conducted an investigation to locate **HERNANDEZ-MENENDEZ**. As part of this investigation, ICE personnel conducted surveillance in the predawn hours of December 15, 2017, in a particular area of Albertville, Alabama. This was near an address associated with **HERNANDEZ-MENENDEZ**, and Deportation Officer Christopher Purdy was among the members of the surveillance team. While there, Officer Purdy observed a vehicle known to be associated with **HERNANDEZ-MENENDEZ** drive away from the target address. Officer Purdy was familiar with the vehicle's appearance, including a distinguishing decal, through his investigation of this matter.

Officer Purdy conducted a vehicle stop a short distance from the location, approached the vehicle, and encountered the driver, **HERNANDEZ-MENENDEZ**. Officer Purdy was able to identify **HERNANDEZ-MENENDEZ** by comparing his appearance to previously obtained photographs of **HERNANDEZ-MENENDEZ**.

**HERNANDEZ-MENENDEZ** stated that he did not have a driver's license and did not have any identification documents in his possession. **HERNANDEZ-**

MENENDEZ advised that he was a native and citizen of El Salvador and was not lawfully present in the United States.

Officer Purdy asked **HERNANDEZ-MENENDEZ** to step out of the vehicle, which he did. Officer Purdy directed **HERNANDEZ-MENENDEZ** to place his hands on the roof of the vehicle. After Officer Purdy conducted a protective sweep, he reached to his duty belt for handcuffs. Officer Purdy also explained to **HERNANDEZ-MENENDEZ** that **HERNANDEZ-MENENDEZ** was being placed under arrest for reasons associated with his immigration status. **HERNANDEZ-MENENDEZ** then moved his right elbow in an intentional backward motion, striking Officer Purdy in the face, and knocking Purdy backwards. **HERNANDEZ-MENENDEZ** then fled on foot.

Law enforcement officers, including Officer Purdy, engaged in a foot pursuit of **HERNANDEZ-MENENDEZ**, who evaded capture for several hours. With the assistance of the Albertville, Alabama, Police Department, **HERNANDEZ-MENENDEZ** was taken into custody later that morning and transported to the ICE Birmingham Field Office.

Upon arrival, **HERNANDEZ-MENENDEZ** was fingerprinted. His fingerprints were checked against records that confirmed he was a native and citizen

Defendant's Initials S·H

of El Salvador. Additionally, immigration records associated **HERNANDEZ-MENENDEZ** with an Alien registration file that showed he had been ordered removed from the United States on or about September 10, 2013, and had been so removed on or about October 18, 2013.

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

X _____
**SANTOS HERNANDEZ-MENENDEZ**
**Defendant**

### III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the Government will recommend the following disposition:

(b)   That the defendant be awarded the maximum reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with *the greater of* (i) the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing or (ii) a period equivalent to the time that the defendant has served in custody on this matter as of the date of sentencing;

(c) That following the said term of imprisonment, the defendant be transferred to the custody of immigration authorities for removal from the United States and placed on supervised release for the longest period allowed by statute, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3, and to the following special condition(s):

(1) Any such term of supervised release shall be "non-reporting" during any period when the defendant is outside of the United States;

(2) If the defendant is within the United States for any reason during the period of supervision and is not actually confined within a jail, prison, detention center, or similar facility, the defendant

shall report to the nearest United States Probation Office within 24 hours of release from confinement and/or 24 hours of return to the United States to begin/resume service of supervision;

(d) That the defendant pay restitution to the Department of Homeland Security in the amount of $2,588.00; *Avbee vuunthe*

(e) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(f) That the defendant pay a special assessment fee of $300, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

In consideration of the recommended disposition of this case, I, SANTOS HERNANDEZ-MENENDEZ, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or

sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant specifically waives any argument that the statues under which he is being convicted (*i.e.,* 18 U.S.C. § 111(a)(1), 18 U.S.C. § 1361, and 8 U.S.C. § 1253(a)(1)(C)) are unconstitutional and/or that Defendant's admitted conduct does not fall within the scope of these statute(s). However, the defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and

(c) Claims of ineffective assistance of counsel.

The defendant acknowledges that, before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the

defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, SANTOS HERNANDEZ-MENENDEZ, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

x _____SJGH_____
SANTOS HERNANDEZ-MENENDEZ
Defendant

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant that, in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that, should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, that are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that, should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of**

Defendant's Initials S.H.

responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant also will submit promptly a completed financial statement to the United States Attorney's Office in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to

evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors that may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials SH

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status, given that he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of **18 pages**. I have discussed the case and my constitutional and other rights with my

Defendant's Initials: SA

lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:  N/A

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read,

Page 16 of 18                               Defendant's Initials SH

understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

4/17/18
**Date**

_____
**SANTOS HERNANDEZ-MENENDEZ**
**Defendant**

### XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the on the terms and conditions set forth herein.

4/17/18
**DATE**

_____
**SAMUEL R. HOLMES, ESQ.**
**Defense Counsel**

Page 17 of 18

Defendant's Initials SH

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JAY E. TOWN
United States Attorney

4/18/18
DATE

MELISSA K. ATWOOD
Assistant United States Attorney

Defendant's Initials SH